**FOX ROTHSCHILD, LLP**
**Formed in the Commonwealth of Pennsylvania**
By:     Steven J. Link, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
Tel: 609.896.3600
Fax: 609.896.1469

**BERMAN, SOBIN, GROSS, FELDMAN & DARBY, LLP**
By:     P. Matthew Darby, Esq. (*to be admitted pro hac vice*)
          H. David Leibensperger, Esq. (*to be admitted pro hac vice*)
1301 York Road, Suite 600
Lutherville, Maryland 21093
Tel: 410.769.5406
Fax: 410.769.9201
*Attorneys for Plaintiff David L. Horner*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID L. HORNER | ) | |
| 4610 Meridian Street | ) | |
| Philadelphia, Pennsylvania 19136, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **(Document Filed Electronically)** |
| v. | ) | |
| | ) | |
| NEW JERSEY TRANSIT RAIL | ) | |
| OPERATIONS, INC. | ) | |
| 1 Penn Plaza East | ) | |
| Newark, New Jersey 07105, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, David L. Horner, by and through his undersigned counsel, sues Defendant, New Jersey Transit Rail Operations, Inc. for violations of the Federal Employers' Liability Act, 45 U.S.C. §§ 51 – 60 (the "FELA") and for reasons and causes of action states as follows:

1

1. Plaintiff David L. Horner, (hereinafter referred to as "Plaintiff") is an adult individual who resides at 4610 Meridian Street, Philadelphia, Pennsylvania 19136.

2. Defendant New Jersey Transit Rail Operations, Inc. (hereinafter referred to as "Defendant" or "NJTRO") is a railroad corporation organized and existing under and by virtue of the laws of the State of New Jersey and is now doing business within the jurisdiction of the Court as an interstate common carrier of passengers and freight for hire into and from various states of the Union.

3. At all relevant times, Plaintiff and Defendant were engaged in interstate commerce; all trackage, cars, equipment and premises involved were under the control of the Defendant.

4. Plaintiff's cause of action arises under Acts of Congress of April 22, 1908, 35 Stat. Chapter 149, with amendments thereto, commonly known as the Federal Employers' Liability Act (45 U.S.C., Chapter 2, Secs. 51-60).

5. On or about November 19, 2014, Plaintiff, while in the employ of Defendant as a Conductor, sustained a severe personal injury.

6. On the aforementioned date, Plaintiff was performing his duties and was descending steps on a moving train when the train suddenly braked. Plaintiff attempted to grab on to something to prevent himself from falling, but fell and caught his finger in a railing, twisting his left ring finger, sustaining an injury to his right fourth and fifth finger MCP joints, and an injury to his right shoulder. This was as a direct result of Defendant's improper train handling and rough track.

7. Defendant owed to Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

8. Plaintiff's injuries were caused by the negligence and carelessness of Defendant, its agents, servants, and employees, in violation of the FELA.

9. The aforesaid injury was caused by the negligence of the Defendant, its agents and employees in that:

(a) It failed to use reasonable care to furnish Plaintiff with a reasonably safe place in which to work;

(b) It failed to properly instruct its employees on the safe operation of the train;

(c) It failed to warn Plaintiff of the dangers presented when trains are improperly handled;

(d) It failed to warn Plaintiff of the dangers presented when trains are traveling on "rough track";

(e) It failed to warn Plaintiff prior to the sudden braking event;

(f) It failed to keep a proper lookout on the track ahead;

(g) It failed to operate the train in a manner that did not require sudden braking;

(h) It failed to warn Plaintiff prior to entering the area of "rough track";

(i) It failed to operate the train in a safe manner;

(j) It was otherwise careless, reckless, and negligent.

10. As a result of Defendant's negligence and violation of the FELA, Plaintiff was seriously, painfully, and permanently injured about his body and limbs, resulting in injuries to his hands and right shoulder, some or all of which may be permanent and which may and/or have necessitated surgical and other medical intervention.

11. As a further result of Defendant's negligence and violation of the FELA, Plaintiff has in the past and will in the future incur substantial medical and other expenses in an effort to cure and rehabilitate himself from these injuries.

12. As a further result of Defendant's negligence and violation of the FELA, Plaintiff has in the past and will in the future suffer a severe loss of earnings and an impairment of his earning capacity, much to his great detriment and loss.

13. As a further result of Defendant's negligence and violation of the FELA, Plaintiff has in the past and will in the future suffer great physical pain and suffering, mental anguish, a loss of the enjoyment of life, a diminishment of the quality of life, and other losses, to his great mental, physical, financial, and emotional harm.

**WHEREFORE**, Plaintiff David Horner demands judgment against Defendant New Jersey Transit Rail Operations, Inc. for damages, interest, costs of suit, attorneys' fees and such other relief as the court deems just and equitable.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff David L. Horner*

Dated: November 17, 2017

BY: /s/ Steven J. Link
    STEVEN J. LINK

TO BE ADMITTED PRO HAC VICE

P. Matthew Darby, Esq.
H. David Leibensperger, Esq.
1301 York Road, Suite 600
Lutherville, Maryland 21093
Tel: 410.769.5406
Fax: 410.769.9201

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Plaintiff David Horner certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

|  | **FOX ROTHSCHILD LLP** |
|---|---|
|  | *Attorneys for Plaintiff David L. Horner* |
|  | BY: /s/ Steven J. Link |
| Dated: November 17, 2017 | STEVEN J. LINK |

## JURY DEMAND

Plaintiff David Horner hereby demands a trial by jury on all causes of action so triable.

|  | **FOX ROTHSCHILD LLP** |
|---|---|
|  | *Attorneys for Plaintiff David L. Horner* |
|  | BY: /s/ Steven J. Link |
| Dated: November 17, 2017 | STEVEN J. LINK |